**Issa Abbasi FERAS–SALMAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–72350.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 2, 2005.*

Decided Aug. 16, 2005.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

The IJ's finding of incredibility is supported by substantial evidence. During his testimony before the IJ, Feras–Salman offered inconsistent statements that "involved the heart of the asylum claim." *Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990); *see also Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997) (noting that "discrepancies relat[ing] to the basis for [an] alleged fear of persecution . . . support the negative credibility finding"). He was unclear about the date of his abduction and the number of times he was harassed by the Islamic Brotherhood. His testimony regarding bullet holes in his house was also inconsistent with the testimony offered by his sister. Furthermore, Feras–Salman failed to offer corroborating evidence for important parts of his claim. His friend in Chicago, who he claimed could corroborate his story, did not even submit an affidavit on his behalf.[1] *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000) (noting that "where the IJ has reason to question the applicant's credibility, and the applicant

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. The IJ's adverse credibility determination is therefore supported by substantial evidence without the need to consider the inconsistencies between Feras–Salman's statements at the time of his airport detention and at his credible fear hearing and his testimony before the IJ.

fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review").

Because Feras–Salman "cannot meet the lower standard to demonstrate eligibility for asylum, [he] necessarily fails to show that [he] is entitled to a withholding of deportation." *Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts